**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                                 Case No. 14-20244

THIRUNAVUKKARASU VARATHA-RAJAN,

    Defendant.

                                              /

**ORDER DENYING PETITION FOR WRIT OF ERROR**

Petitioner Thirunavukkarasu Varatha-Rajan was convicted by plea of one count of wire fraud in violation of 18 U.S.C. § 1343, and sentenced to 24 months imprisonment on December 1, 2014. Now before the court is a *pro se* motion by Petitioner to vacate, set aside, or correct his sentence, alleging that his counsel failed to inform him of the immigration consequences of signing his guilty plea (Dkt. # 16). Petitioner has served his sentence, but is currently in custody and subject to deporation proceedings. Accordingly, he requests a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a). (*Id.*)

To establish a claim for ineffective assistance of counsel—whether under 28 U.S.C. § 2255 or for a writ of *coram nobis*, a criminal defendant must demonstrate that (1) the performance of counsel fell below an objective standard of reasonableness, and (2) that the allegedly deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984). To demonstrate prejudice in cases involving guilty pleas, the defendant must show a "reasonable probability, but for

counsel's errors," he would have demanded a trial. *Railey v. Webb*, 540 F.3d 393, 415-16 (6th Cir. 2008).

The transcript from Petitioner's plea hearing reveals the petition to be meritless. Prior to accepting his plea, the court instructed Petitioner about the possible immigration consequences, including deportation, stating:

> And again, of course here's question 28.5. If you are not a citizen of the United States, which it is apparent that you are not, a conviction here, if I accept the plea of guilty, you will be immediately determined to be a convicted felon in the United States. And under United States law, that conviction, in and of itself, may subject you to removal from the United States. It's worse than it may make it difficult for you to remain. It may result in and of itself in an order for removal, deportation. Do you understand that, sir?

(Dkt. # 18, Pg. ID 109-10.) Petitioner responded, "Yes, sir." (*Id.* at Pg. ID 110.) Having been advised that the guilty plea could result in his deportation, and having indicated that he understood that possibility, Petitioner asked the court to accept his plea of guilty. (*Id.* Pg. ID 116.) The court concludes Petitioner cannot show that he would not have plead guilty but for his allegedly deficient assistance of counsel, and so cannot show he was prejudiced thereby. *Railey*, 540 F.3d at 415-16. Accordingly,

IT IS ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence (Dkt. # 16) is DENIED.

                                         s/Robert H. Cleland              /
                                         ROBERT H. CLELAND
                                         UNITED STATES DISTRICT JUDGE

Dated: August 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 8, 2017, by electronic and/or ordinary mail.

                                         s/Julie Owens                 /
                                         Acting in the absence of Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (810) 292-6522